William D. Hyslop
United States Attorney
Joseph P. Derrig
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ED L. CHRISTENSEN, <br><br> Defendant. | No. <br><br><br><br><br> COMPLAINT |

The United States of America ("United States"), for its complaint against Defendant Ed L. Christensen ("Defendant"), alleges as follows:

**NATURE OF ACTION**

1. This is an action brought by the United States to enforce the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq*.

2. The United States brings this action for injunctive relief and monetary damages on behalf of Angelique Raspone ("Raspone") and her then fifteen-year old son, Logan Denton ("Denton"), pursuant to 42 U.S.C. § 3612(o).

3. The United States alleges that Defendant discriminated against Raspone and Denton by seeking to evict them for maintaining an emotional support animal for Raspone, who is a person with disabilities; by denying Raspone's request to keep an

COMPLAINT - 1

emotional support animal as a reasonable accommodation that was necessary to afford Raspone an equal opportunity to use and enjoy the dwelling; and by refusing to allow Raspone and Denton to live in the dwelling with Raspone's emotional support animal when such reasonable accommodation was necessary to afford Raspone and Denton an equal opportunity to use and enjoy the dwelling, all in violation of the Fair Housing Act, 42 U.S.C. §§ 3604(f)(1), 3604(f)(2), and 3604(f)(3)(B). The United States further alleges Defendant retaliated against Raspone and Denton by interfering with their enjoyment of the dwelling on account of their exercise of protected rights, in violation of the Fair Housing Act, 42 U.S.C. § 3617.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 3612(o), because the alleged discrimination and retaliation occurred in this District and the dwelling at issue is located in this District.

## PARTIES

6. Plaintiff is the United States of America.

7. Raspone and Denton are "aggrieved persons," as defined in 42 U.S.C. § 3602(i).

8. Raspone has disabilities within the meaning of 42 U.S.C § 3602(h). She has generalized Anxiety Disorder with Panic Episodes and Major Depressive Disorder,

COMPLAINT - 2

Recurrent, Moderate, as well as long-standing physical disabilities. Raspone's mental health disabilities substantially limit one or more of her major life activities, including leaving home, interacting with other people in person and on the telephone, and engaging in social activities. At all times relevant, Raspone received Social Security disability benefits.

9. From approximately January 27, 2014, through September 12, 2016, Raspone and Denton resided at 405 SE Jordan, Unit 203, Pullman, Washington, 99163 ("the Subject Property"). The Subject Property is a dwelling, as defined by 42 U.S.C. § 3602(b).

10. At all times relevant to this Complaint, Ed L. Christensen ("Defendant") owned the apartment complex that included the Subject Property.

**FACTS**

11. On or about January 27, 2014, Raspone and Denton moved into Unit 203. The final lease term at the Subject Property ran from February 1, 2016, to January 31, 2017.

12. On June 14, 2016, Raspone's father died. Raspone and Denton spent most of the summer staying with Raspone's mother, while dealing with the estate. During this time, Raspone bonded with her deceased father's dog, Tammy. Raspone found that Tammy was highly responsive to her anxiety and helped stop her panic attacks.

13. On or about July 14, 2016, Raspone sent a handwritten letter to Defendant asking for a reasonable accommodation to his "no pets" policy to allow her to have

COMPLAINT - 3

Tammy, an assistance dog, in her unit. Along with her request, Raspone included a letter dated July 14, 2016, from Liana Shull, LICSW, a counselor at Palouse River Counseling who conducted her intake assessment. In the letter, Ms. Shull stated that "It was determined through intake screening tools and a face to face interview, that it would be beneficial and highly therapeutic for [Raspone] to have access to a Support Animal in her home."

14. On or about August 9, 2016, Defendant denied Raspone's request for a reasonable accommodation via a letter in which, in pertinent part, he wrote the following:

- "it is not a question of 'reasonable accommodation,' but rather a dollar and cents decision – it cost[s] me money!"

- "Reading between the lines of your note, it appears that you've already brought the dog onto the premises. This is a <u>serious</u> violation of your lease contract. **Clause V. USE** of your contract reads:
  A. **PETS** TENANT shall **not** keep or **permit** pets in or about the Dwelling Unit, the Premises or environs, except **NONE**. TENANT agrees a breach of the pet provision constitutes a **material noncompliance with the Lease and is grounds for termination if tenancy and eviction.**
  Should TENANT fail to comply, TENANT shall pay LANDLORD in each incidence, **$60.00** for the violation plus charges provided in subsection 11.C.3 to issue a notice to remedy or in the alternative vacate the premises plus **$12.00** per day from the date of notice until the pet is removed for each unauthorized pet kept in or about the Dwelling Unit, Premises or environs. Should the pet be a dog, **$120.00** and **$25.00** per day shall apply.

15. In response to receiving the denial letter from the Defendant, Raspone requested a more detailed verification letter from her counselor at Palouse River Counseling, Alisha Dearmin, LICSW.

COMPLAINT - 4

16.     On or about August 23, 2016, Raspone sent Defendant a typewritten letter titled "REQUEST FOR REASONABLE ACCOMMODATION," addressed to Defendant. The document stated, in part:

> I have a disability as defined by the fair housing laws . . .. I use a service animal to assist me with the functional limitations related to my disability. My service animal enhances my ability to live independently, and to use and enjoy my dwelling fully.
>
> Type of service animal: Emotional Support/Assistance Dog.
>
> As an accommodation for my disability, I request that you:
>
> 1. Waive your 'no-dog' policy
> 2. Waive your pet deposit or fees
> 3. Allow my service dog to reside with me.
>
> I have attached a letter from my doctor or other medical professional . . . who, in their professional capacity, has knowledge about my disability and my need for a reasonable accommodation. This letter verifies that I have a disability as defined in the fair housing laws, and that I have a disability-related need for a service animal.

17.     Raspone attached her letter dated August 23, 2016, a letter from Ms. Dearmin dated August 23, 2016 which provided, in pertinent part:

> [Ms. Raspone] is seeking her dog, Tammy, to be recognized as an Emotion Support Animal. Ms. Raspone endorses her dog's ability to help her calm down, interrupt panic episodes, soothe her anxiety/depression and emotional distress to a level in which she is able to follow through with needed tasks for example; making necessary phone calls, reduce isolation and ability to leave home to complete required daily living tasks.
>
> As you are likely aware, there is a growing body of professional literature on the value of such animals in a person's life. Ms. Raspone's request is consistent with literature and treatment supports regarding the potential effect of an animal stabilizing and promoting healthy psychological functioning. Ms. Raspone's request for such an accommodation for

COMPLAINT - 5

housing is consistent with the Americans with Disabilities Act and the Fair Housing Act.

The letter ended with an invitation to contact Ms. Dearmin directly with any further questions regarding the recommendation.

17. On August 29, 2016, Defendant sent a response letter to Raspone's Counselor, Ms. Dearmin, which stated, in part:

> Dear Ms. Dearmin,
>
> My name is Ed Christensen not Mr. *Christiensen* and I welcome your incitement for me to respond to you regarding the captioned discourse.
>
> Candidly, I find its composition to be sophomoric, yet sarcastically, it is some of the most comical gobbledygook I've read in years!
>
> You are pretentious—I do not concur that I should or even would be aware of your views concerning the value of animals in a person's life.
>
> Further, I take umbrage with your insinuation that I am noncompliant and inconsistent with the Fair Housing Act. I don't see allegations of your affiliation with the Washington State Bar, so I need not add to the cacophonous jarring of you dispensing legal advice to my tenant, Ms. Raspone. Your conduct seriously offends me, is egregious and more profoundly, <u>tortious</u>.
>
> Ms. Dearmin, I admonish you, cease and desist in this effort or you shall be exposed to the legal ramifications for damages to my fiduciary relationship.
>
> Adamantly,
>
> *[signature]*
> Ed L Christensen

18. On or about August 30, 2016, Raspone and Denton returned full-time to their apartment at the Subject Property so that Denton could attend school. Raspone brought Tammy to live with her in the Subject Property.

COMPLAINT - 6

19. On or about September 2, 2016, Defendant sent Ms. Angelique Raspone a letter dated September 2, 2016, which, in part, stated the following:

> Dear Ms. Angie et al,
>
> You are incorrigible! What do you not understand about, **NO DOGS!**
>
> Your allegations to Palouse River Counseling and others that I am in violation of the Federal Fair Housing Act are groundless. Your lease with me, as well as my business practice, is in complete, *absolutely complete*, compliance with the Act. Angie, meddle further and I will pursue you for monetary damages.
>
> Your recent antics have prompted me to make a perusal of your leasehold. As you know, we have been trying to verify reports that you are harboring a dog which has been confirmed and a "Notice to Comply with Lease or Quit Premises" as been issued. If you fail to remedy this breach on contract as provided under the notice an Unlawful Detainer Action and Eviction Summons shall be filed without further notice.
>
> This blatant act exerted even after my forewarning to you of August 9, 2016, coupled with the plethora of problems of damages in the past from your abrasive usage of the premises and now an inspection revealing extensive damages to your front door require me to advise you that I will **not**, at its termination, renew your leasehold.
>
> Adamantly,
>
> Ed L Christensen, Owner/Landlord
> WWW.PIONEERHILLAPARTMENTS.COM
>
> CC: Jay Showalter.

20. On that same day, September 2, 2016, Defendant issued a "NOTICE TO COMPLY WITH LEASE OR QUIT PREMISES" which demanded the payment of the following:

COMPLAINT - 7

```
PET VIOLATION -- DOG @ $120.00                                    120.00
PET VIOLATION -- DOG @$25/day - 8.28.16 to 9.13.16 (17)           425.00
REMEDY NOTICE - NCWLQP(11) + Service                               36.47
    TOTAL PAST DUE AND OWED                                     $ 581.47
```

The pertinent part stated:

> If you fail to **pay the $581.47** and **remove the dog** or **vacate** said premises within eleven days, an unlawful detainer action shall be commenced without further notice. You **shall** remain obligated to pay rent for the period of time stipulated in your <u>lease contract</u> and you will be liable for contractual charges, costs and legal fees for a proceeding for your eviction or other suit, if this breach of contract is not remedied.

21. On or about September 3, 2016, Defendant's maintenance person, Jay Showalter, began taking pictures of Raspone's son, Denton, as he walked the dog. He also attempted to enter Raspone's apartment without notice.

22. On or about September 5, 2016, Raspone, by way of letter dated September 5, 2016, notified Defendant that due to his "refusal to allow [her], a disabled person, the right to a service animal" she would vacate the unit by midnight on September 13, 2016.

23. On or about September 6, 2016, Defendant issued two notices to Raspone. One was a Notice to Pay Rent or Vacate, demanding Raspone and Denton pay $408 for the September rent by September 10, 2016, or vacate the unit. The second notice, a Notice to Comply with Lease or Quit Premises, demanded Raspone and Denton pay $121.47 in late fees for September rent and service of notices or vacate the unit by September 17, 2016. Both notices stated that failure to comply would result in in an unlawful detainer lawsuit filed "without further notice."

24. On or about September 8, 2016, Defendant responded to Raspone's letter of September 5, 2016:

COMPLAINT - 8

Dear Angie,

During my lifetime, I've never been so miffed about a tenant's behavior. How you construe statutory notices to be a "request to be out of the apartment by September 13, 2016" astonishes me. You are liable for the duration of your leasehold. Your letter(s) and/or abandonment of the apartment do not remedy the contract violations. You remain obligated to pay rent for the period of time stipulated in your contract. Also, you are liable for physical damages to the premises, authorized charges, costs and legal fees of a court proceeding.

You have been served remedy notices (*not requests*) as provided under Title RCW 59 Landlord and Tenant Act, to permit you to remedy the violations/breaches of your lease contract. The "Notice to Comply with Lease or Quit Premises" for the pet violation requires you to remedy by September 13, 2016. The "Notice to Pay Rent of Vacate" for the non-payment of rent requires you to remedy by September 10, 2016, and the "Notice to Comply with Lease or Quit Premises" for the late fees and service fees requires you to remedy by September 17, 2016. If you are not compliant upon the expiration of these notices, you will be "guilty" of unlawful detainer as provided by RCW 59.12.030(3)&(4). Further, an Unlawful Detainer Action and Eviction Summons shall be commenced without notice.

Angie, the soul controlling factor of your leasehold is the Washington Landlord Tenant Act and supremely, the lease contact you signed. The statutes or the lease do not provide for tantrums. CAC, Section 8, Federal Fair Housing, Palouse River Counseling, even the Northwest Justice Project have "no dog" in this circumstance. Their opinions are moot.

PIONEER HILL APARTAMENTS

Ed L. Christensen, Owner/Landlord

25. On or about September 9, 2016, after consulting with the Northwest Justice Project, Raspone again advised Defendant that she would vacate the unit by September 13, 2016, as directed in Defendant's first Notice to Comply with Lease or Quit Premises. Raspone disputed the fines for pet violations "because my assistance animal is not a pet" and reminded Defendant that she paid last month's rent at the time of move-in as well as a deposit. She also stated that Defendant had denied her request for a reasonable accommodation and violated the Fair Housing Act.

COMPLAINT - 9

26. On September 12, 2016, Defendant filed a *pro se* Complaint for Unlawful Detainer for Nonpayment of Rent and/or Noncompliance with the Lease and Money Damages in Whitman County Superior Court, seeking possession of the property, unpaid rent through the end of the lease term, fines for violation of the pet rules, and miscellaneous damages in excess of $8,000 not including interest.

27. On that same day, September 12, 2016, Raspone and Denton moved from the Subject Property. Due to the fact that Raspone and Denton had not located replacement housing in the area, they moved in with Raspone's mother in Clarkston, Washington, about an hour from Denton's school and Palouse River Counseling.

28. On September 13, 2016, Raspone contacted Northwest Fair Housing Alliance ("NWFHA"), a fair housing advocacy group serving central and eastern Washington, for assistance regarding the denial of her request for a reasonable accommodation and the termination of her tenancy.

29. In response, NWFHA designed and conducted a telephone test of Defendant's reasonable accommodation policies. A NWFHA tester left voicemail messages for Defendant on October 25 and 26, 2016, stating that she was interested in the one-bedroom apartment and providing her contact information. Defendant called the tester back on October 27, 2016 and stated that the one-bedroom apartment would be available on December 1, 2016. After discussing the rental terms, the tester told Defendant that she had a service animal and asked if that was okay. Defendant immediately replied, "No dogs!" The tester inquired further, "Even if it's a prescribed

COMPLAINT - 10

service animal?" The Defendant responded, "No dogs, thank you," and hung up the phone.

30. Defendant's advertisements on Craigslist and on the website for the subject property state "**ABSOLUTELY NO DOGS**" or "*NO DOGS*" respectively.

31. On December 2, 2016, Defendant's Unlawful Detainer action against Raspone and Denton was dismissed without prejudice, after Defendant failed to appear in court.

## PROCEDURAL BACKGROUND

32. As required by the Fair Housing Act, 42 U.S.C. § 3610(a) and (b), the Secretary of the U.S. Department of Housing and Urban Development ("HUD") conducted an investigation of the complaint made by Raspone and Denton, attempted conciliation without success, and prepared a final investigative report.

33. Based on the information gathered in the investigation, the Secretary of HUD, pursuant to 42 U.S.C. § 3610(g), determined that reasonable cause exists to believe that illegal discriminatory housing practices occurred.

34. On January 24, 2020, the Secretary of HUD issued a Determination of Reasonable Cause and Charge of Discrimination pursuant to 42 U.S.C. § 3610(g), charging Defendant with discrimination under the Fair Housing Act.

35. On February 18, 2020, Raspone and Denton elected to have the claims asserted in HUD's Charge of Discrimination resolved in a federal civil action pursuant to 42 U.S.C. § 3612(a).

COMPLAINT - 11

36. On February 19, 2020, a HUD Administrative Law Judge issued a Notice of Election and terminated the administrative proceedings on the HUD complaint filed by Raspone and Denton. Following the Notice of Election, the Secretary of HUD authorized the Attorney General to commence a civil action pursuant to 42 U.S.C. § 3612(o).

## FAIR HOUSING ACT VIOLATIONS

37. The United States incorporates by reference the preceding paragraphs of this Complaint.

38. Defendant violated section 3604(f)(1) of the Fair Housing Act by making housing unavailable to Raspone and Denton when Defendant denied Raspone's request to keep an emotional support animal at the Subject Property as a reasonable accommodation that was necessary to afford Raspone and Denton an equal opportunity to use and enjoy the dwelling, and when Defendant sought to evict Raspone and Denton from the Subject Property for maintaining an emotional support animal. 42 U.S.C. § 3604(f)(1)(A).

39. Defendant violated sections 3604(f)(2) and (f)(3)(B) of the Fair Housing Act by refusing to allow Raspone and Denton to live at the Subject Property with Raspone's emotional support animal, when such reasonable accommodation was necessary to afford them an equal opportunity to use and enjoy their dwelling. 42 U.S.C. § 3604(f)(2)(A) and (f)(3)(B).

40. Defendant violated section 3617 of the Fair Housing Act by coercing, intimidating, threatening, or interfering with Raspone and Denton in their exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected 42 U.S.C. §§ 3603-3606. 42 U.S.C. § 3617.

41. Raspone and Denton are aggrieved persons, as defined in 42 U.S.C. § 3602(i), and have suffered economic loss, emotional distress and lost housing opportunities as a result of Defendant's discriminatory actions.

42. Defendant's discriminatory actions were intentional, willful, and taken in disregard of the rights of Raspone and Denton.

**REQUEST FOR RELIEF**

WHEREFORE, the United States requests that this Court:

1. Declare that Defendant's discriminatory housing practices as set forth above violate the Fair Housing Act;

2. Enjoin and restrain Defendant, his officers, employees, agents, successors, and all other persons or corporations in active concert or participation with Defendant, from:

    A. Discriminating in the sale or rental, or otherwise making unavailable or denying, a dwelling to any buyer or renter because of disability, in violation of 42 U.S.C. § 3604(f)(1);

COMPLAINT - 13

      B.     Discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2);

      C.     Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B); and

      D.     Coercing, intimidating, threatening or interfering with any person in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

3. Order Defendant to take such affirmative steps as may be necessary to restore, as nearly as practicable, Raspone and Denton to the position they would have been in but for the discriminatory conduct;

4. Order Defendant to take such actions as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of his unlawful conduct, including implementing policies and

COMPLAINT - 14

procedures to ensure that no applicants or residents are discriminated against because of disability;

    5.    Award monetary damages to Raspone and Denton pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1); and

    6.    Order such additional relief as the interests of justice require.

RESPECTFULLY SUBMITTED:  March 16, 2020.

        William D. Hyslop
        United States Attorney

        s/Joseph P. Derrig
        Joseph P. Derrig
        Assistant United States Attorney
        Usawae-JDerrigECF@usdoj.gov

COMPLAINT - 15

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.