FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 23, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Case No. 20-cv-00104-SAB

United States of America,

          Plaintiff,

                             **CONSENT DECREE**

vs.

Ed L. Christensen,

          Defendant.

## I.    INTRODUCTION

1. The United States filed a Complaint in this action on March 16, 2020 to enforce the provisions of Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 to 3631 (hereinafter, the "Civil Action"). Angelique Raspone and her then fifteen-year-old son Logan Denton allege that Defendant Ed Christensen ("Defendant") denied the reasonable accommodation of an assistance animal and discriminated against them in violation of the Fair Housing Act.

2. At all times relevant to the Complaint, Defendant owned and managed the residential rental property located at 405 SE Jordan, Unit 203, Pullman, Washington 99163.

3. On or about January 17, 2017, Ms. Raspone filed a fair housing complaint with the United States Department of Housing and Urban Development (HUD) alleging that Defendant had discriminated against her family on the basis of disability by refusing to allow her to use an Assistance/Support Animal.

1

4.     As required by the Fair Housing Act, 42 U.S.C. § 3610(a) and (b), the Secretary of HUD investigated the complaint made by Ms. Raspone and Mr. Denton, attempted conciliation without success, and prepared a final investigative report. Based on information gathered in the investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g), determined that reasonable cause exists to believe that illegal discriminatory housing practices occurred. On or about January 24, 2020, the Secretary issued a Determination of Reasonable Cause and Charge of Discrimination pursuant to 42 U.S.C. § 3610(g), and charged the Defendant with discrimination under the Fair Housing Act, 42 U.S.C. §§ 3604(f)(1), (f)(2), (f)(3)(B) and 3617.

5.     On February 18, 2020, Ms. Raspone and Mr. Denton elected to have the claims asserted in HUD's Charge of Discrimination resolved in a federal civil action pursuant to 42 U.S.C. § 3612(a). The Secretary subsequently authorized the Attorney General to file this action on behalf of aggrieved persons, Ms. Raspone and Mr. Denton, pursuant to 42 U.S.C. § 3612(o).

## II.     AGREEMENT

6.     The Parties agree that, to avoid costly and protracted litigation, the claims against Defendant should be resolved without further proceedings or a trial. This Consent Decree resolves the United States' claims against the Defendant.

### III.    **INJUNCTION**

7.    Defendant, his officers, agents, employees, and all other persons or entities in active concert or participation with him, are hereby enjoined, with respect to the rental of dwellings owned or managed by them, from:

a.   Refusing to rent after the making of a bona fide offer, or refusing to negotiate for the rental of, or otherwise making unavailable or denying, a dwelling to any person because of disability, in violation of 42 U.S.C. § 3604(f)(1)(A);

b.   Discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provisions of services or facilities connected with such dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2);

c.   Refusing to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B); and

d.   Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of title 42 of the United States Code, in violation of 42 U.S.C. § 3617.

## IV. POLICY CONCERNING REQUESTS FOR ASSISTANCE ANIMALS

8. No later than thirty (30) days after the date of entry of this Consent Decree, Defendant shall adopt the reasonable accommodation policy ("the New Policy") set forth in Attachment A for implementation at all dwellings owned or managed by Defendant.

9. The New Policy, once adopted, shall supersede all existing policies, procedures, and resolutions concerning or affecting approval of reasonable accommodations at dwellings owned or managed by Defendant.

10. Within forty-five (45) days after the date of entry of this Consent Decree, Defendant shall notify in writing each resident of dwellings owned or managed by Defendant of the adoption and implementation of the New Policy. Notice shall be sent via first-class mail, postage prepaid, to each tenant of the property.

11. Within thirty (30) days after the date of entry of this Consent Decree, Defendant shall post and prominently display the New Policy in each and every location where activity related to the management or rental of dwellings occurs.

12. No later than fourteen (14) days after adoption of the New Policy, Defendant shall apprise each of his employees, agents, and any other persons responsible for the rental of units at a dwelling owned or managed by Defendant of each person's obligations under this Consent Decree, including but not limited to the New Policy, and under the Fair Housing Act, 42 U.S.C. §§ 3601-3631. Defendant shall furnish each such employee, agent, or other person with a copy of this Consent Decree. Each employee, agent or other person

covered by this paragraph shall sign a statement in the form of Attachment B acknowledging that he or she has received, read and understands the Consent Decree, and declaring that he or she will perform his or her duties in accordance with this Consent Decree and the Fair Housing Act, 42 U.S.C. §§ 3601-3631.

13.    During the term of this Consent Decree, new employees, or agents who have responsibility related to the management of or rental of units at dwellings owned or managed by Defendant, shall be (a) apprised of the contents of this Consent Decree, including but not limited to the New Policy, and of their obligations under the Fair Housing Act, 42 U.S.C. §§ 3601-3631, when their term, employment, or agency commences; (b) provided copies of this Consent Decree and the New Policy, and (c) execute the statement contained in Attachment B no later than five (5) days following their first day of employment.

## V.    MANDATORY EDUCATION AND TRAINING

14.    Within sixty (60) days of the entry of this Consent Decree, Defendant and his employees, agents, and members who have responsibility related to the management of or rental of units at a dwelling owned or managed by Defendant shall attend, at the Defendant's expense, a training program regarding the Fair Housing Act, including its disability discrimination provisions. The training shall be conducted by a qualified third party, approved by the United States, and unconnected to Defendant, his employees, agents, or counsel.

15.  Defendant shall obtain from the trainer or training entity certificates of attendance signed by each individual who attended the training. The certificate shall include the name of the course, the date the course was taken, the subject matters covered in the course, and the length of the course and/or time within which the course was completed.

## VI.  NONDISCRIMINATION POLICIES

16.  Within fourteen (14) days of the date of entry of this Consent Order and throughout its term, Defendant shall, pursuant to 24 C.F.R. Part 110, post and prominently display at any place of business where Defendant conducts rental activity and/or has personal contact with applicants for rental of their property, a Fair Housing Poster.

17.  Throughout the term of this Consent Decree, Defendant shall ensure that any new advertising for rental units in newspapers, in telephone directories, on radio, on television, on the internet, or in other media, and any signs, pamphlets, brochures, or other promotional literature include a fair housing logo, the phrase "Equal Housing Opportunity Provider," and/or the following sentences:

> We are an Equal Opportunity Housing Provider. We do not discriminate on the basis of race, color, national origin, religion, sex, familial status or disability.

The words or logo should be prominently placed and easily legible.

6

## VII.  **REPORTING AND RECORD-KEEPING**

18.  During the term of this Consent Decree, Defendant shall notify and provide documentation to the United States of the following events within fourteen (14) days of their occurrence:

   a.  The training attended pursuant to Paragraph 9, including the certification required in Paragraph 10;

   b.  Any change to any of Defendant's rules or practices affecting the keeping of assistance/support animals at the property;

   c.  Any denial by Defendant of a request by a tenant or prospective tenant to keep an assistance animal, including the resident's name, address, and telephone number, and the details of the request and the reason(s) for its denial;

   d.  Any conditions proposed or imposed by Defendant on a tenant or prospective tenant who keeps or requests to keep an assistance animal, including the resident's name, address, and telephone number, and the details of the request and the reason(s) for any proposed conditions; and

   e.  Any written complaint alleging disability discrimination in housing received by Defendant, including a copy of the written complaint itself and the name, address, and telephone number of the complainant.  Defendant shall also promptly provide the United States with information concerning resolution of the complaint.

19.     During the term of this Consent Decree, Defendant shall preserve all records relating to his obligations under this Consent Decree. Representatives of the United States shall be permitted, upon providing reasonable notice to Defendant, to inspect and copy at reasonable times any and all records related to Defendant's obligations under this Decree.

### VIII.    MONETARY DAMAGES TO AGGRIEVED PERSONS

20.     No later than fourteen (14) days after the date of entry of this Consent Decree, Defendant shall pay the sum of Thirteen thousand dollars ($13,000), which includes monetary damages and any attorneys' fees, to Ms. Raspone and Mr. Denton. Defendant shall deliver one check to Ms. Raspone payable to her in the amount of $12,000, and one check to Mr. Denton payable to him in the amount of $1,000.

21.     As a prerequisite to receiving such payment, Ms. Raspone and Mr. Denton shall execute a release of all claims, legal or equitable, that they may have against Defendant relating to the claims asserted in this lawsuit. Such releases shall take the form of Attachment C. Counsel for the United States shall deliver the original release forms to counsel for Defendant.

### IX.    OTHER RELIEF FOR AGGRIEVED PERSONS

22.     No later than fourteen (14) days after the date of entry of this Consent Decree, if Defendant has reported negative information about Ms. Raspone or Mr. Denton to any credit bureaus or rental databases, he shall modify such reporting in a manner satisfactory to Ms. Raspone and Mr. Denton and provide the United States with documentation showing such modification.

23. If Defendant is asked to provide a rental reference for Ms. Raspone or Mr. Denton in the future, he shall provide a positive or neutral reference.

24. Defendant shall not take any further action against Ms. Raspone or Mr. Denton with respect to the lease or rental agreement related to this matter.

## X.  JURISDICTION, DURATION, MODIFICATION, AND REMEDIES

25. The parties stipulate, and the Court finds, that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

26. This Consent Decree is effective immediately upon its entry by the Court.

27. This Court shall retain jurisdiction over this action and the parties thereto for the duration of this Decree for the purpose of enforcing its terms. This Decree shall be in effect for a period of three (3) years from its effective date.

28. Any time limits for performance imposed by this Decree may be extended by mutual written agreement of the parties.

29. Each party shall notify the other party of any dispute or difference regarding interpretation and compliance with this Decree, whether willful or otherwise, and shall attempt to resolve such dispute informally. However, in the event of a failure by Defendant to perform in a timely manner any act required by this Consent Decree or otherwise to act in conformance with any provision thereof, Plaintiff may move this Court to impose any remedy authorized by law or equity, including but not limited to an order requiring performance of such act or deeming such act to have been performed, as well as an award

9

of damages, costs and reasonable attorney's fees occasioned by the violation or failure to perform.

30.     All parties shall be responsible for their own attorney's fees and costs, except as otherwise provided in this Decree.

So ORDERED this __23_ day of _____June_____, 2020.

*Stanley A. Bastian*
Stanley A. Bastian
United States District Judge

The undersigned hereby apply for and consent to the entry of this Consent Decree:

For the Defendant,

*Ed L Christensen*                              Date: 5/28/20
BY: ED L. CHRISTENSEN

For Plaintiff United States of America,

WILLIAM D. HYSLOP
United States Attorney

*Joseph P. Derrig*                              Date: 06/02/2020
BY: Joseph P. Derrig
Assistant United States Attorney
920 W. Riverside, Suite 340
Spokane, WA  99201
(509) 353-3767

10

## ATTACHMENT A

### Reasonable Accommodation Policy

The Federal Fair Housing Act and other state and local fair housing laws require that housing owners and managers provide reasonable accommodations for applicants and residents who have disabilities. The owner and manager of Pioneer Hill Apartments, Ed L. Christensen, and his employees, agents, and designees, are committed to granting reasonable accommodations when necessary to afford persons with disabilities an equal opportunity to use and enjoy a dwelling at any and all of his rental units.

Reasonable accommodations may include waiving or varying rules or policies to allow a resident with a disability to keep an "assistance animal." An assistance animal is an animal that does work or performs tasks for the benefit of a person with a disability, or provides emotional support or other assistance that may be necessary to afford the person an equal opportunity to use and enjoy housing ("Assistance Animal"). The most common Assistance Animals are dogs, although other animals may qualify as assistance animals. Assistance Animals are not considered "pets" under Pioneer Hill Apartments' policies. Pioneer Hill Apartments recognizes the importance of Assistance Animals and is committed to ensuring that its tenants with Assistance Animals – whether occupants or renters – may keep them in their units.

If a resident with a disability requests a reasonable accommodation for an Assistance Animal, Pioneer Hill Apartments will determine whether the animal may be necessary to afford the resident an equal opportunity to enjoy living Pioneer Hill Apartments. In some cases, both the disability and the necessity for the Assistance Animal are obvious – for example, a dog guiding an individual who is blind or has low vision, or a dog pulling the wheelchair of a person with a mobility disability. If this is the case, no further inquiry will be made and Pioneer Hill Apartments will grant the resident the accommodation unless the presence of the animal (1) imposes an undue financial and administrative burden; (2) fundamentally alters the nature of Pioneer Hill Apartments' operations; or (3) would pose a direct threat to the health and safety of other people.

In the case of a resident who requests a reasonable accommodation for an Assistance Animal and the disability of the resident and/or the necessity for the Assistance Animal is not obvious, Pioneer Hill Apartments may require a written verification from a health or social service professional[1] indicating that the applicant has a disability[2] and the presence of the animal may be necessary to provide the resident an equal opportunity to use and enjoy his/her apartment.

Pioneer Hill Apartments will not require:

---

[1] "Health or social service professional" means a person who provides medical care, therapy or counseling to persons with disabilities, including, but not limited to, doctors, physician assistants, psychiatrists, psychologists, or social workers.

[2] Under fair housing laws, a person with a disability is defined as a person who has a physical or mental impairment that substantially limits one or more major life activities, is regarded as having such an impairment, or has a record of such an impairment.

11

  i.  That the Assistance Animal have any special training or certification;

  ii.  That the Assistance Animal be subject to breed, weight or age restrictions;

  iii.  That the Assistance Animal be required to wear a vest or other insignia that identifies it as an Assistance Animal; or

  iv.  That the resident pay any fee, deposit, or other charge for keeping the animal, or obtain insurance as a condition of keeping the animal.

If Pioneer Hill Apartments seeks verification of a tenant's disability and the need for an Assistance Animal, Pioneer Hill Apartments will not:

  i.  Request whether a health or social service professional would be willing to testify in a court proceeding regarding the request for accommodation;

  ii.  Require the health or social service professional to provide a curriculum vitae;

  iii.  Require an interview with the health or social service professional.

  In processing requests for Assistance Animals, Pioneer Hill Apartments will take reasonable measures to protect the confidentiality of any information or documentation disclosed in connection with the requests. Such measures may include limiting access to such information to persons specifically designated to deal with requests for reasonable accommodations, who will disclose information only to the extent necessary to determine whether to grant the request, and keeping all written requests and accompanying documentation in a secure area to which only those designated persons have access, except as otherwise required by law.

  A person with a disability may request a reasonable accommodation orally, but Pioneer Hill Apartments may ask the person with the disability to complete or assist in completing a "Form to Request An Assistance Animal" (attached to this Policy). Pioneer Hill Apartments will evaluate the requested accommodation regardless of whether the person completes the written form, but the person must cooperate in providing all information needed to complete the form.

  If the applicant requires assistance in completing the form, the Property Manager, on-site property caretaker or his or her designee will provide assistance or will fill out the form based on an oral request. Pioneer Hill Apartments is using the form to record reasonable accommodation requests so that it can obtain only the information necessary to make a reasonable accommodation decision and not obtain confidential information that it does not need to make a reasonable accommodation decision.

  Once Pioneer Hill Apartments receives the request for an assistance animal and, if applicable, additional verifying information, it will provide a response within fourteen days. If a request is denied, an explanation for the denial will be included in the written notification of denial.

If a person with a disability believes that a request has been denied unlawfully or that the response is delayed unreasonably, he or she may file a complaint with:

U.S. Department of Housing and Urban Development
Office of Fair Housing and Equal Opportunity
451 Seventh Street, SW
Washington, DC 20410
(800) 669-9777
http://portal.hud.gov/hudportal/HUD?src=/program_offices/fair_housing_equal_opp/online-complaint

United States Attorney's Office-Eastern District of Washington
Attn: Civil Rights-Fair Housing
920 W. Riverside, Suite 340
Spokane, WA 99201

## FORM TO REQUEST AN ASSISTANCE ANIMAL

The Federal Fair Housing Act and other state and local fair housing laws require that housing owners and managers provide reasonable accommodations for applicants and residents who have disabilities. Ed L. Christensen and his employees, agents and designees are committed to granting reasonable accommodations when necessary to afford persons with disabilities the equal opportunity to use and enjoy a dwelling at any and all of his rental units.

Under fair housing laws, a person is entitled to a reasonable accommodation if he or she has a disability that is defined as a physical or mental impairment that substantially limits one or more major life activities. The person also must show that he or she may need the accommodation because of the disability. Reasonable accommodations may include waiving or varying rules or policies to allow a resident to keep an assistance animal. An assistance animal is an animal that does work or performs tasks for the benefit of a person with a disability, or provides emotional support or other assistance that may be necessary to afford the person an equal opportunity to use and enjoy housing ("Assistance Animal").

If you or someone associated with you has a disability and you believe that there is a need for an Assistance Animal as a reasonable accommodation at Pioneer Hill Apartments, please complete this form and, if applicable, the verification from the health care provider, and return them to Ed L. Christensen. Please check all items that apply and answer all questions. Ed L. Christensen will answer this request in writing within 14 days of receiving the request. All information provided to Ed L. Christensen in connection with this request will be kept confidential, except as otherwise required by law. If you require assistance in completing this form, please call the management office at (telephone number) for assistance or to make an oral request for a reasonable accommodation.

1. Do you require assistance filling out this form?

   ☐ Yes   ☐ No

If your answer is "Yes," and you do not have someone who can assist you, please ask [name and phone number] to assist you in filling out this form.

If your answer is "No," continue on to Question No. 2.

2. Today's Date: _____

3. I am (please check one):

____ **The person who has a disability and is requesting an Assistance Animal.** If so, continue to Question 4.

14

\_\_\_\_ **A person making a request on behalf of or assisting the person with a disability** who needs an Assistance Animal. Please fill out the information below:

    Name of person filling out form: _____

    Address: _____

    Telephone number: _____

    Relationship to person needing Assistance Animal:_____

4. Name of person with a disability for whom a reasonable accommodation is being requested:

_____

Phone number: _____

Address: _____

5. Identify the species of animal for which you are making a reasonable accommodation request e.g., "dog," "cat":

_____

6. Provide the name and physical description (size, color, weight, any tag and/or license) of the animal for which you are making a reasonable accommodation request:

_____

_____

| | |
|---|---|
| _____ | _____ |
| Signature of person making request | Date |
| _____ | _____ |
| Signature of person with disability | Date |

Applicant Name:_____

15

*TO BE COMPLETED BY THE PHYSICIAN, PSYCHIATRIST, OR OTHER HEALTH OR SOCIAL SERVICE PROFESSIONAL:*

1. Please provide a statement verifying that the person has an impairment that substantially limits one or more of the person's major life activities.

_____
_____
_____

2. Please state whether the animal is necessary for the person to have an equal opportunity to use and enjoy housing or alleviate one or more of the effects of the person's disability. If so, please explain how it helps.

_____
_____
_____
_____

Name: _____

Title: _____

Address: _____

Telephone: _____

_____    _____
Signature                           Date

*TO BE COMPLETED BY MANAGEMENT:*

Form accepted by: _____

_____    _____
Signature                           Date

2

## ATTACHMENT B
## Certification of Receipt of Consent Decree

I certify that I have received a copy of the Consent Decree entered by the Court in *United States of America v. Ed L. Christensen,* 2:20-cv-00104-SAB. I further certify that I have read and understand the Consent Decree, that any questions I had concerning it were answered, and that I understand that the Defendant may be sanctioned or penalized if I violate the Consent Decree.

_____
(Signature)

_____
(Printed name)

_____
(Title)

_____
(Date)

3

## ATTACHMENT C
### Release

In consideration of the Consent Order entered in *United States of America v. Ed. L. Christensen*, Civil Action No. 2:20-cv-00104-SAB and of the payment of the sum of $12,000 to me pursuant to that Consent Order, I, Angelique Raspone, hereby release Defendant named in this action (Civil Action No. 2:20-cv-00104-SAB (E.D. Washington)) from any and all liability for any claims, legal or equitable, I may have against Defendant arising out of the issues alleged in the action as of the date of the entry of the Consent Decree. I fully acknowledge and agree that this release of Defendant shall be binding on my heirs, representatives, executors, successors, administrators, and assigns. I hereby acknowledge that I have read and understand this release and have executed it voluntarily and with full knowledge of its legal consequences.

Dated:                                               *Angelique Raspone*
                                                     ANGELIQUE RASPONE

4

**DRAFT--SUBJECT TO FRE 408 AND DEPARTMENT OF JUSTICE APPROVAL**

## Release

In consideration of the Consent Order entered in *United States of America v. Ed L. Christensen*, Civil Action No. 2:20-cv-00104-SAB and of the payment of the sum of $1,000 to me pursuant to that Consent Order, I, Logan Denton, hereby release Defendant named in this action (Civil Action No. 2:20-cv-00104-SAB (E.D. Washington)) from any and all liability for any claims, legal or equitable, I may have against Defendant arising out of the issues alleged in the action as of the date of the entry of the Consent Decree. I fully acknowledge and agree that this release of Defendant shall be binding on my heirs, representatives, executors, successors, administrators, and assigns. I hereby acknowledge that I have read and understand this release and have executed it voluntarily and with full knowledge of its legal consequences.

Dated:                                  _____
                                        LOGAN DENTON